LAMB v. HAMBLEN and others.

(*Circuit Court, D. Massachusetts.* May 10, 1882.)

PATENTS FOR INVENTIONS—PRIOR CONCEPTION—NOT TO INVALIDATE PATENT.

Where a person conceives an invention and presents specimens of his device made by hand, but he does not teach the world how to make it in his specifications, and another person invents a machine for the purpose of manufacturing the article, and obtains a patent therefor, such patent is valid for the new article, and subject to infringement.

In Equity.

*John A. Loring* and *Wm. H. Drury,* for complainant.

*Benj. F. Thurston, Samuel A. Duncan,* and *Robert H. Duncan,* for defendants.

LOWELL, C. J. This suit is brought upon patent No. 124,011, issued to David A. Ritchie, for a pipe or tube made by spirally winding a strip of metal and uniting its edges by a grooved or flanged seam or joint substantially as described. It is *Root v. Lamb,* 7 FED. REP. 222, with the parties reversed, and the evidence is substantially what it was in that case. Ritchie was the first to introduce a pipe made of sheet metal with a spirally-wound folded seam; and the pipe

was a very valuable improvement upon what was before known to the trade. Root in his earlier patent described what a person skilled in the art would understand to be a welded tube, or at any rate a tube of plate metal, and though Root's description is perhaps broad enough to describe Ritchie's pipe, it does not show the world how to make it; and Root himself could not make it for the market until he had invented a machine for the purpose after the date of Ritchie's patent. It is proved by the defendants' witnesses, as well as by those called by the complainant, that the mere conception of a spirally-wound tube would be valueless, and that such an article could not be made for any useful purpose by hand. Therefore, if it be true that some specimens of tubing had been made by hand before the date of Ritchie's invention, the patent would not be thereby avoided. No doubt his claim covers a pipe made by hand, but as such pipe never has been, nor will be, so made for the trade, a piece of pipe so fashioned as a curiosity, before his time, ought not to destroy his title.

I do not find, however, that any such pipe, or anything which anticipates his invention, was made. Smith's specimens of pipe with folded seams, if they were made, were made some months after Ritchie's invention was complete. Root's piece of pipe, Exhibit No. 3, in this case, No. 10 in the former case, is useful as corroborating Root's testimony, and proving that he had conceived the idea of a Ritchie pipe, and intended to describe it in his patent; but, in itself, it is an experimental pipe, merely.

Having held, in the former case, that whatever Root's conception may have been he did not teach the world how to make the Ritchie pipe, the question for me now is, did Ritchie succeed better in his specification? There is no doubt that Ritchie invented and described a machine for making this pipe; but the specification of his patent for the machine was filed some months after the grant of the patent now in suit. If they had been contemporaneous, I should not have had any doubt that he might patent his new product as well as his new machine. Let us see how he teaches the art in his earlier patent, now in suit.

To enable others skilled in the art to understand and use his invention he describes it thus:

" In the said drawing, A, is a flat strip of sheet metal of the required width, which, as it is fed through a machine, (to form the subject of a future application,) is spirally wound around a mandrel or ' former,' one edge of the strip being turned down to form a flange or tongue, *a,* while the other edge is turned

up and provided with a groove or channel, *b*, (see figures 1 and 5,) the tongue being directed and laid into the groove, as seen in figure 3. A pressure-roller, or other device, now bears on the outside of the raised joint thus produced, whereby it is flattened down, the joint being formed of four thicknesses of metal."

In this description the patentee undertakes to state briefly the characteristics of a machine which he says he has invented and intends to patent. He had invented such a machine, and did afterwards patent it. Now, whether this general description of his machine was sufficient to enable others to make his pipe is a question for those skilled in the art; and there is not a word in the record, so far as I know, and there is certainly none in the briefs or arguments on either side, to throw the slightest doubt upon the sufficiency of this description; and, in the complainant's case, there is affirmative evidence that it is sufficient, and its sufficiency was conceded in the argument for the defendants. I therefore decide that the patent of Ritchie for the new article is valid. Of the infringement there is no question.

Decree for the complainant.